

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is entered into between

Plaintiff and Defendants in that certain class action now pending in United States District Court

for the District of Oregon and known as:

| | |
|---|---|
| RODGER R. ANSTETT; STANLEY W. BILINSKI; MICHAEL J. CATES; KYLE A. GRAY; WALLACE H. GUIDO; WILLIAM M. KENNEDY; STEVE M. SACRE; TERRY J. STALEY; SCOTT L. TEAGUE; LONNIE R. WOOLHISER; and JERRY J. WRENN, all present or former inmates of Oregon correctional institutions, on behalf of themselves and all others similarly situated. | Civil No.01-CV 1619 BR |
| | SETTLEMENT AND RELEASE |
| Plaintiffs | |
| vs. | |
| STATE OF OREGON by and through the OREGON DEPARTMENT OF CORRECTIONS, (ODOC); DAVID S. COOK, DIRECTOR, ODOC; SCOTT TAYLOR, ; CATHERINE M. KNOX, STEVE M.SHELTON, MD, WILLIAM CAHAL, PATRICIA LILIENTHAL, JOHN M. VARGO, CARL J. MATTHEY, MD, GEORGE G. DEGNER, ROBERT INGLE, MD, FIAOD EL-EBIARY, MD, OSP; MICHAEL D. BUCK, MD, J. DUNCAN, J. LAWRENCE STOUNE, LANNY RYALS, | |
| Defendants. | |

1–RELEASE AND SETTLEMENT AGREEMENT

142

## PARTIES

Plaintiff is the class and subclass as defined by Court Order dated 12/19/02 to include both presently and formerly incarcerated prisoners who were infected with the hepatitis C virus during their incarceration. Plaintiff Class is represented by Class Representatives, The Estate of Rodger Anstett, by and through Personal Representative Rodney Anstett, Stanley Bilinski, Michael Cates, Kyle Gray, Wallace Guido, William Kennedy, Steve Sacre, Terry Staley, Scott Teague, Lonnie Woolhiser and Jerry Wrenn.  Plaintiff class has been at all times represented by Michelle R. Burrows.

Defendants are the State of Oregon, by and through the Oregon Department of Corrections.  All defendants have been at all times represented by the Oregon Department of Justice, by and through Lynne Rennick and Marc Abrams.

## RECITALS

1) There is currently pending in the United States District Court for the District of Oregon, a class action lawsuit entitled *Anstett et al v. State of Oregon*, USDC Case NO. CV01-1619BR ("the action").  Plaintiff is a class and sub-class certified pursuant to Fed. R. Civ. P. 23(b)(2) for declaratory and injunctive relief only.

2) Plaintiff class alleges, *inter alia,* deliberate indifference to their serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution, in the form of both facial and *de facto,* "as applied" policies of impermissible delay and denial of adequate and proper diagnosis and treatment of the Hepatitis (HCV) virus and for violations of

2–RELEASE AND SETTLEMENT AGREEMENT

the Americans with Disabilities Act for failure to make reasonable accommodation in public service for a disability and for refusing medical treatment for prisoners due to their alcohol and drug addictions. These allegations are directed at the written 20003 HCV treatment guidelines and the health care delivery system within ODOC; and, the two aspects shall be commonly referenced as the "Guidelines" in this Agreement.

3) The State of Oregon, by and through the Department, have filed an Answer expressly denying any and all liability respecting the class claims.

4) The parties have conferred in good faith to resolve all the issues presented in the certified class action and agree to each and every term herein.

## SETTLEMENT AND RELEASE AGREEMENT

1. **Key Settlement Terms:**

The parties understand and agree that:

a) A Medical Review Panel (MRP) to review the "Guidelines" for the treatment of HCV of incarcerated persons in the care and control of the State of Oregon shall be created.

b) The Medical Review Panel shall include three members: Dr. Atif Zaman, Dr. Kent Benner, Dr. John Santa. The members of the MRP shall be compensated by the State of Oregon pursuant to individual service contracts with the State.

c) The MRP shall conduct a two part review of the treatment of HCV infected prisoners within ODOC. The MRP shall first review the "Guidelines" as set forth in Section 2 below. The second phase of review shall involve a review of up to 100 randomly selected medical charts as set forth in Section 3 below.

d) Upon signature of this Agreement, the parties shall enter into a stipulation to

3–RELEASE AND SETTLEMENT AGREEMENT

immediately stay the action. A Stipulation and Order staying the action shall be executed by counsel for the parties in the form attached to this Agreement as Exhibit "1".

e) The parties agree to the following disposition of the case:

i) Plaintiff Class shall immediately dismiss the individual claims of the individually named Plaintiffs and individual class member claims *without prejudice* as to all defendants.

ii) At the conclusion of the final chart review and entry of appropriate orders, Plaintiff Class shall dismiss all class claims against all Defendants *with prejudice* except that individual class members shall not be barred by this dismissal from filing subsequent individual actions in their own name;

iii) Plaintiff Class shall immediately dismiss all individual Defendants from the action herein without prejudice as to the individual class members only and with prejudice as to the Plaintiff Class and class issues.

f) This agreement shall resolve all issues in the action between Plaintiff Class and Defendants. Plaintiff Class, and Class Counsel on behalf of Class, shall not file any additional actions on the same issues for which the action was certified. This agreement shall not act as a bar to any existing or future claims by individual class members in subsequent proceedings concerning any individualized medical treatment deficiencies except as otherwise limited by this Agreement.

g) Defendants agree to toll the applicable statute of limitations for all class members, including Class Representatives for two years from the date of the dismissal of this action to file any action arising from acts or omissions of any potential Defendant; or, two years

4--RELEASE AND SETTLEMENT AGREEMENT

from the time the individual knew or reasonably should have known of any injury arising from the actions of any potential Defendant and the date putative Plaintiff identified the Defendant responsible for injuries. This waiver does not bar any other defenses or claims by either party.

h) The parties agree to the appointment of Judge Donald Ashmanskas as Special Master for the oversight and administration of this Agreement by the Honorable Anna Brown. Judge Ashmanskas shall only make decisions on those matters brought to him by the parties and he shall not initiate or implement recommendations in the absence of a request brought to him by one of the Parties.

i) Plaintiff Class shall waive all rights of appeal of the class issues and the terms of this agreement.

2. **Medical Review Panel and Review of Guidelines**

The parties understand and agree that:

a) The MRP shall be presented with a copy of this Settlement Agreement including attached Exhibit 2 (MRP Scope of Work), Exhibit 3 (Plaintiffs' Settlement Part I) and Exhibit 4 (Plaintiffs' Settlement Part II) and Exhibit 5, the 2003 ODOC HCV Guidelines. The duties and obligations of the MRP shall be defined by this Agreement, Exhibits 2, 3 and 4, orders of the court, future recommendations or orders by the court or the Special Master

b) The MRP shall review the Guidelines for the care of HCV within ODOC. The review process shall commence on April 6, 2004 and shall be completed within 60 days or no later than June 6, 2004.

c) The review process shall include the following criteria and limitations:

i. The MRP shall assess the Guidelines compliance with the community

5–RELEASE AND SETTLEMENT AGREEMENT

standard of care for treatment of HCV, to include a review of the particular issues raised in Plaintiff's Settlement Proffer Part I (Exhibit 3) and Settlement Proffer Part II (Exhibit 4).

ii.  The MRP shall determine whether the Guidelines reflect a reasonable community standard of care appropriate for the treatment of Hepatitis C. This analysis shall be based upon the standard of care for HCV, medically sound principles and evidence based outcome studies, where appropriate.

iii.  If the MRP should determine that modifications, revisions or amendments to the Guidelines are recommended they shall identify reasons supporting their conclusions with specificity, identifying the medical and scientific support upon which they relied.  If appropriate, and within reasonable medical certainty, the MRP shall identify the relative importance of the identified issues in the medical treatment of patients.  The MRP shall also suggest specific changes to the policy and health care delivery system,  if appropriate.

iv.  The MRP may, if necessary, call upon the parties for any additional information it may require.  If the MRP requires additional information it shall make the request through counsel for the relevant party with simultaneous copy to opposing counsel.  A copy of the request shall immediately be sent to opposing party by counsel.  The parties shall confer to arrange the supplementation of information to the MRP.

v.  Both parties agree to make any and all necessary records and personnel available to the MRP upon request.  Defendants agree to provide necessary and appropriate clerical and secretarial assistance to the MRP upon request for this purpose.

vi. The parties and counsel shall treat the MRP as if it were a judicial body under Oregon State Bar Disciplinary Rule 7-110 respecting *ex parte* contact.  The parties shall

comply with service requirements of Fed. R. Civ. P. 5 when providing information to the MRP and communicating with the MRP.

vii.  Upon completion of its review the MRP shall issue a written draft report to the parties within 60 days or no later than June 7, 2004.

viii.  The parties shall have 30 days to submit brief written comments to the MRP.

ix.  The MRP shall issue its final report within 30 days of receipt of parties' written comments to the draft report.

x.  The MRP meetings and conferences are not public meetings and are exempt from ORS 192.501 et seq (Oregon Public Meetings Law);

xi. The final report of the MRP is a public record.  All preceding drafts and related notes, correspondence and similar information are not public records and are exempt from disclosure.

d) The parties agree that the activities of the MRP and any disputes concerning the enactment of the recommendations made by the MRP, shall be brought to Honorable Donald Ashmanskas. In the event of such a dispute, the parties shall submit briefing in the order and manner defined by Judge Ashmanskas. Judge Ashmanskas shall make a determination on the dispute and shall issue findings. The parties may stipulate to Judge Ashmankas' findings which shall then be referred to Judge Anna Brown for the issuance of an order mandating Defendant to implement the changes, modifications and revisions as appropriate.

Any appeal of Judge Ashmanskas' decisions shall go to Judge Anna Brown, who shall issue findings and Orders where appropriate.  Judge Brown's  ruling shall be final. The parties

7–RELEASE AND SETTLEMENT AGREEMENT

agree that no appeal of such decisions shall be made to the United States Court of Appeals for the Ninth Circuit, or to any other court of competent jurisdiction.

3. **MRP Random Chart Review Process.**

The parties understand and agree that:

a) At the time of the submission of the final version of the written report on the Guidelines review, the MRP shall commence an 18 month chart review of no more than 100 medical charts of class members. The chart review process shall commence no later than June 30, 2004.

b) The medical charts, with names redacted, shall be selected as follows:

i. The parties shall select up to 50 charts from the general group of HCV infected patients within ODOC database. The selection shall be made randomly by the MRP from the master list created by defendants and a list created from Plaintiff's database of class members.

ii. In addition, the MRP may in its' sole discretion conduct a review of 50 medical charts selected from particular categories of treatment criteria including, without limitation, those selected based on specific medical conditions, treatment factors, or population characteristics. The MRP may, in its discretion, select any particular category and method of random chart selection it feels will best accomplish the task.

iii. The MRP, at its discretion, may conduct the selection of the charts, or the review of the charts on any ODOC premise. The MRP may, in its discretion, speak personally with any medical staff, any patient and any individual necessary to conduct a proper review of the medical treatment of the discrete patient. The MRP may, in its discretion, seek

8–RELEASE AND SETTLEMENT AGREEMENT

information from Plaintiff Class counsel on particularized issues or charts for review.

iv. The MRP shall review the selected charts to assess the compliance of the treatment utilized for the specific patient with the existing Guidelines and the medical standard of care. If the MRP finds the treatment utilized for the specific patient violates the Guidelines or the medical standard of care it shall make recommendations for any changes needed including stating with specificity the basis for their recommendations to include any and all scientific support for the recommendations.

c. The MRP may, if necessary, call upon the parties for any additional information it may require. If the MRP requires additional information it shall make the request through counsel for the relevant party with simultaneous requests to the opposing counsel. A copy of the request shall immediately be sent to opposing party by the recipient. The parties shall confer to arrange the supplementation of information to the MRP. The parties agree Plaintiff Class, by and through counsel, may supplement the selected 100 charts with any information including kytes and kyte responses.

d. Both parties agree to make any and all necessary records and personnel available to the MRP upon request. Defendants agree to provide necessary and appropriate clerical and secretarial assistance to the MRP upon request for this purpose.

e. The parties and counsel shall treat the MRP as if it were a judicial body under Oregon State Bar Disciplinary Rule 7-110 respecting *ex parte* contact. The parties shall comply with service requirements of Fed. R. Civ. P. 5 when providing information to the MRP and communicating with the MRP.

f. The MRP shall issue a draft report to the parties within 18 months of

9–RELEASE AND SETTLEMENT AGREEMENT

commencing their review;

      g. The parties will have 45 days to submit brief written comments to the MRP.

      h. The MRP shall issue its final report within 60 days of receipt of the parties' written comments to the draft report.

      i. The MRP meetings and conferences are not public meetings and are exempt from ORS 192.501 et seq (Oregon Public Meetings Law);

      j. The final report of the MRP is a public record. All preceding drafts and related notes, correspondence and similar information are not public records and are exempt from disclosure .

    4. **Effect**

The parties agree and understand that:

      a. The final report from the MRP Chart Review shall have the effect of noting compliance with the Guidelines and the medical standard of care. The parties recognize that the final report of the MRP can be used in any and all subsequent proceedings, if otherwise admissible. The report of the MRP is not an admission by the Department or the individual defendants. If the report finds noncompliance with the Guidelines or the medical standard of care, that finding can be used as the basis, upon motion by Plaintiff Class, to extend the review period of one six month interval.

      b. Upon receipt of the final report, and barring any need to move to extend the compliance review period, the parties shall in good faith negotiate a final agreement which, if executed, obligates the Department to implement all or part of the MRP's recommendations or alternative measures that are within the MRP's scope and are mutually acceptable to the parties.

10–RELEASE AND SETTLEMENT AGREEMENT

This Agreement shall be submitted to Judge Ashmanskas and Judge Brown for review and the issuance of a final order;

c. Upon execution of the final agreement the parties shall execute and file a stipulated judgement of dismissal of litigation as set forth above; and

d. Nothing in this Agreement shall be interpreted to preclude further revision of the Guidelines as medical treatment changes.

5. **Subsequent Proceedings**.

a. The parties agree and acknowledge that subsequent proceedings by individual class members may be filed and litigated concerning individual damages claims. This agreement does not bar individual class members from seeking all available rights and remedies in their individual cases.

b. The parties agree and acknowledge that nothing alters any right that any individual Plaintiff may have under Federal Rule of Civil Procedure 19 or Oregon Rule of Civil Procedure 29.  Defendants reserve all rights to oppose permissive joinder under Fed. R. Civ. P. 20 or ORCP 28..

c. The parties agree  ODOC shall place notices of the settlement of this case in all correctional institutions until the case is dismissed.  The notices shall generally be limited as follows:

1. The notices shall be posted in every living quarters in each of the 12 ODOC correctional institutions;

2. The notices shall be run in each newsletter of each institution at least once monthly;

11–RELEASE AND SETTLEMENT AGREEMENT

3.  The notices shall be posted in each infirmary;

4.  The notices shall be translated into Spanish and posted in the same venues as noted above.

5.  The content of the notice shall be mutually agreed upon by the parties but shall contain, at a minimum, the following information: the overview of the major settlement terms, the rights of individual class members to pursue individual damage claims, the applicable dates of the settlement agreement, the relevant tolling agreement and the contact information for class counsel.

6. **Attorney's Fees and Costs:**

a. Defendants agree to pay to the order of Plaintiff Class' attorney trust account, fees, costs and disbursements in the amount of one-hundred seventy five thousand dollars ($175,000.00) payable within fifteen days of signature.

b. Class counsel shall also be entitled to recover fees for subsequent work during the pendency of the case at a rate of two hundred dollars ($200) per hour up to a maximum of fifty (50) hours per year and a maximum of two thousand dollars ($2000) in expenses per year for no more than two years upon presentation of itemized records for work performed and expenses incurred.  Expenses include postage, fax, mileage and long distance phone charges. The time for the post-settlement accrual of time shall be Year One:  April 6, 2004 to April 6, 2005; and, Year Two:  April 6, 2005 to April 6, 2006. Nothing shall act as a bar to Plaintiff counsel to submit interim billing throughout each yearly billing cycle.

c.  Plaintiff Class understand and agree to settle the claims in the above entitled action against the Oregon Department of Corrections for an in consideration of the above listed

12–RELEASE AND SETTLEMENT AGREEMENT

fees and costs and do hereby and for their heirs, executors, administrators, successors and assigns, release, acquit and forever discharge the Oregon Department of Corrections from any and all claims arising from the above listed case and the issues for which it was certified which could have or were asserted as of this date against any agent, officer or employee.

        d. Plaintiff Class will take or authorize taking any and all actions necessary secure dismissal of any and all claims pending in the above entitled civil class action pursuant to the conditions set forth previously herein.

    7. **No Admission of Liability:**

        a. Plaintiff Class understand and acknowledge that this Agreement is intended to settle all disputed claims between the parties and does not constitute any admission of legal liability or fault on the part of the Department of Corrections or any individual defendant, nor any admission that the Guidelines are or ever have been Constitutionally or medically deficient. This Agreement is not to be offered into evidence in any subsequent proceeding between the parties herein for any purpose other than the enforcement of its terms.

        b. Plaintiff Class understand and acknowledge that the Department of Corrections and the individual defendants expressly deny any and all liability or fault for the issues set forth in the above cited lawsuit and agree not to characterize it in any materially different manner as limited in Section 9 herein.

        c. Class counsel shall obtain the permission and consent of the Plaintiff Class to settlement by personally conferring and advising each Class Representative herein. Where appropriate Class Counsel shall obtain the signed authorizations to settlement by the individual class representatives. By her signature below Class Counsel acknowledges that all Class

13–RELEASE AND SETTLEMENT AGREEMENT

Representatives have been fully advised and approve the settlement in its entirety.

8. **Incorporation Clause.**

a. The parties understand and acknowledge that this is a full and final compromise and that this settlement is accepted voluntarily as full and final satisfaction and settlement of the disputed claims in the above entitled action. Both parties were represented by counsel throughout these settlement negotiations.

b.. The parties understand and acknowledge that this Release and Agreement contains the entire agreement between the Plaintiff Class and the Oregon Department of Corrections, and their mutual agents or representatives and that the terms of this release are contractual and not merely recitals. The parties acknowledge that no other promises, agreements or documents, understandings or representations made to any party concerning the subject matter of this Agreement exist. This agreement together with the exhibits, constitute the full and complete agreement between the parties.

9. **Confidentiality**

a. All parties acknowledge that they understand the terms and provisions of Oregon's Public Records Act at ORS 192.410 et seq. and the requirements thereby imposed upon the agencies of the State of Oregon regarding the maintenance and disclosure of documents containing information relating to the conduct of public business and affairs.

b. Subject to the terms and requirements of the Public Records Act cited previously, and in consideration of the sum of money paid above in section 6 of this Agreement, and its mutual terms, covenants and conditions, the Parties expressly covenant and agree that they shall not disclose the terms of this Agreement and shall not authorize or allow any

14–RELEASE AND SETTLEMENT AGREEMENT

representative or other person on their behalf to disclose the terms of this Agreement to any person or persons not a party to this action.

c. The parties recognize that the Plaintiff Class is composed of presently incarcerated and formerly incarcerated prisoners each of whom may or may not be responsive to the instructions of counsel. Plaintiff Class Counsel will not further assist any such individual who declines to adhere to instructions of counsel or the terms of this agreement. Plaintiff Class will not take any formal action to disclose the terms of the agreement. Class counsel shall notify the class members of the confidentiality requirement.

d. The parties understand and agree that a mutually agreed upon press release shall be issued to appropriate news media once the case is concluded.

10. **Severability**

If any provision of this Agreement is judicially determined to be unenforceable, the remaining provisions shall nevertheless remain enforceable and shall be construed as if the unenforceable provisions were deleted.

11. **Law of Agreement.**

This Agreement shall be interpreted under and enforced in accordance with the laws of the State of Oregon applicable to contracts made and to be performed entirely within such state.

12. **Court Approval and Effective Date**

The parties recognize and understand that all terms of this Agreement, the Stipulation to Stay, the Appointment of the Special Master, the entry of a Protective Order and the Dismissal and the final agreement between the parties must be approved by the Honorable

15–RELEASE AND SETTLEMENT AGREEMENT

Anna J. Brown. The parties agree to seek formal approval of this Agreement on April 6, 2004.
The Agreement becomes effective upon approval by Judge Brown.  Defendants shall make
payment of the sums set forth in Section 6 above for fees and costs within 15 days of approval by
the court.

The undersigned Parties agree that: (1) they have carefully read this release and
settlement agreement, (2) they understand it, and (3) they are signing it voluntarily.


**FOR PLAINTIFF CLASS:**

THE ESTATE OF RODGER ANSTETT

_____

The Estate of Rodger Anstett, by Rodney Anstett, PR
Class Representative for Plaintiff Class

SUBSCRIBED AND SWORN to before me this _6_ day of _____, 2004.

_____
Notary Public of Oregon
My Commission Expires: 6/3/06

OFFICIAL SEAL
MICHELLE R. BURROWS
NOTARY PUBLIC-OREGON
COMMISSION NO. 358324
MY COMMISSION EXPIRES JUNE 3, 2006

STANLEY BILINSKI


_____

Stanley Bilinski, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.


_____
Notary Public of Oregon
My Commission Expires:


16–RELEASE AND SETTLEMENT AGREEMENT

The undersigned Parties agree that: (1) they have carefully read this release and settlement agreement, (2) they understand it, and (3) they are signing it voluntarily.

**FOR PLAINTIFF CLASS:**

THE ESTATE OF RODGER ANSTETT

_____

The Estate of Rodger Anstett, by Rodney Anstett, PR
Class Representative for Plaintiff Class

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

STANLEY BILINSKI

_____
Stanley Bilinski, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

MICHAEL CATES

_____
Michael Cates, Class Representative

SUBSCRIBED AND SWORN to before me this __2__ day of _April_ 2004.

_____
Notary Public of Oregon
My Commission Expires:

OFFICIAL SEAL
HOLLIE DOMSCHOT
NOTARY PUBLIC-OREGON
COMMISSION NO. 349384
MY COMMISSION EXPIRES AUG. 15, 2005

14—RELEASE AND SETTLEMENT AGREEMENT

The undersigned Parties agree that: (1) they have carefully read this release and settlement agreement, (2) they understand it, and (3) they are signing it voluntarily.

**FOR PLAINTIFF CLASS:**

THE ESTATE OF RODGER ANSTETT

_____

The Estate of Rodger Anstett, by Rodney Anstett, PR
Class Representative for Plaintiff Class

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

STANLEY BILINSKI

_____
Stanley Bilinski, Class Representative

SUBSCRIBED AND SWORN to before me this 2nd day of _April_ 2004.

_____
Notary Public of Oregon
My Commission Expires: 4-10-2005

> OFFICIAL SEAL
> E ANDERSON
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 344789
> MY COMMISSION EXPIRES APRIL 10, 2005

MICHAEL CATES

_____
Michael Cates, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

14–RELEASE AND SETTLEMENT AGREEMENT

KYLE GRAY

_____
Kyle Gray, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

WALLACE GUIDO

_____
Wallace Guido, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

WILLIAM KENNEDY

*William Kennedy* (signature)
William Kennedy, Class Representative

SUBSCRIBED AND SWORN to before me this 5th day of April 2004.

*Marian T. Geils* (signature)
Notary Public of Oregon
My Commission Expires: 3-12-2008

OFFICIAL SEAL
MARIAN T GEILS
NOTARY PUBLIC-OREGON
COMMISSION NO. 377195
MY COMMISSION EXPIRES MAR. 12, 2008

15—RELEASE AND SETTLEMENT AGREEMENT

MICHAEL CATES

_____   _____   _____   _____
Michael Cates, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ ____ 2004.

_____   _____   _____   _____
Notary Public of Oregon
My Commission Expires:

KYLE GRAY

_____   _____   _____   _____
Kyle Gray, Class Representative

SUBSCRIBED AND SWORN to before me this ____ day of _____ ____ 2004.

_____   _____   _____   _____
Notary Public of Oregon
My Commission Expires:

WALLACE GUIDO

*Wallace Guido*
Wallace Guido, Class Representative

SUBSCRIBED AND SWORN to before me this 5 day of *April* 2004

OFFICIAL SEAL
MICHELLE R. BURROWS
NOTARY PUBLIC-OREGON
COMMISSION NO. 358324
MY COMMISSION EXPIRES JUNE 3, 2006

Notary Public of Oregon
My Commission Expires: 6/3/06

WILLIAM KENNEDY

17 RELEASE AND SETTLEMENT AGREEMENT

LONNIE WOOLHISER

*Lonnie Woolhiser* (signature)

Lonnie Woolhiser, Class Representative

SUBSCRIBED AND SWORN to before me this _02nd_ day of _April_ 2004.

*Roger K Carroll* (signature)

Notary Public of Oregon
My Commission Expires:

> OFFICIAL SEAL
> ROGER K CARROLL
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 347171
> MY COMMISSION EXPIRES JULY 16, 2005

JERRY WRENN

_____

Jerry Wrenn, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____

Notary Public of Oregon
My Commission Expires:

Approved as to Form:

*Michelle R. Burrows* (signature)

Michelle R. Burrows OSB86160
Class Counsel for Plaintiff Class

SUBSCRIBED AND SWORN to before me this ____ day of _____ 2004.

_____

Notary Public of Oregon
My Commission Expires:

17–RELEASE AND SETTLEMENT AGREEMENT

LONNIE WOOLHISER

_____

Lonnie Woolhiser, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

JERRY WRENN

_____
Jerry Wrenn, Class Representative

SUBSCRIBED AND SWORN to before me this 2nd day of APRIL 2004.

OFFICIAL SEAL
LINDA M SKEEN
NOTARY PUBLIC-OREGON
COMMISSION NO. 362961
MY COMMISSION EXPIRES DEC. 27, 2006

_____
Notary Public of Oregon
My Commission Expires: 12/27/06

Approved as to Form:

_____
Michelle R. Burrows OSB86160
Class Counsel for Plaintiff Class

SUBSCRIBED AND SWORN to before me this ____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

17--RELEASE AND SETTLEMENT AGREEMENT

KYLE GRAY

*K. a. Gray*

Kyle Gray, Class Representative

SUBSCRIBED AND SWORN to before me this 2 day of *April* 2004.

*ully Lauren*

Notary Public of Oregon
My Commission Expires: 4-22-07

> OFFICIAL SEAL
> **KELLY W LAWRENCE**
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 367918
> MY COMMISSION EXPIRES APR. 22, 2007

WALLACE GUIDO

_____

Wallace Guido, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

WILLIAM KENNEDY

_____

William Kennedy, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

15-RELEASE AND SETTLEMENT AGREEMENT

MICHAEL CATES


_____

Michael Cates, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.


_____

Notary Public of Oregon
My Commission Expires:




KYLE GRAY

_K. a. Gray_____

Kyle Gray, Class Representative

SUBSCRIBED AND SWORN to before me this ___5___ day of _April_ 2004.

_____

Notary Public of Oregon
My Commission Expires: _u/3/06_

OFFICIAL SEAL
**MICHELLE R. BURROWS**
NOTARY PUBLIC-OREGON
COMMISSION NO. 358324
MY COMMISSION EXPIRES JUNE 3, 2006

WALLACE GUIDO


_____

Wallace Guido, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.


_____

Notary Public of Oregon
My Commission Expires:

WILLIAM KENNEDY



17–RELEASE AND SETTLEMENT AGREEMENT

_____
William Kennedy, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

STEVE SACRE

_____
Steve Sacre, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

TERRY STALEY

_____
Terry Staley, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

SCOTT TEAGUE

_Scott L. Teague_
Scott Teague, Class Representative

SUBSCRIBED AND SWORN to before me this _5_ day of _April_ 2004.

_____
Notary Public of Oregon   6/3/06

OFFICIAL SEAL
MICHELLE R. BURROWS
NOTARY PUBLIC-OREGON
COMMISSION NO. 358324

18—RELEASE AND SETTLEMENT AGREEMENT

_____
William Kennedy, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

STEVE SACRE

_Steve Sacre_

_____
Steve Sacre, Class Representative

SUBSCRIBED AND SWORN to before me this __4__ day of _April_ 2004.

_____
Notary Public of Oregon
My Commission Expires: 6/3/06

OFFICIAL SEAL
MICHELLE R. BURROWS
NOTARY PUBLIC-OREGON
COMMISSION NO. 358324
MY COMMISSION EXPIRES JUNE 3, 2006

TERRY STALEY

_____
Terry Staley, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon
My Commission Expires:

SCOTT TEAGUE

_____
Scott Teague, Class Representative

SUBSCRIBED AND SWORN to before me this _____ day of _____ 2004.

_____
Notary Public of Oregon

18–RELEASE AND SETTLEMENT AGREEMENT

**FOR DEFENDANTS:**

Max Williams, Director
Oregon Department of Corrections

SUBSCRIBED AND SWORN to before me this 5th day of April 2004.

OFFICIAL SEAL
BRENDA J COUGHENNOWER
NOTARY PUBLIC-OREGON
COMMISSION NO. 357699
MY COMMISSION EXPIRES JULY 08, 2006

Notary Public of Oregon
My Commission Expires: 7-8-06

**Approved as to Form:**

Lynne D. Rennick, OSB 93095
Attorney for Defendants

SUBSCRIBED AND SWORN to before me this 6th day of April 2004.

Notary Public of Oregon
My Commission Expires: 7-8-06

OFFICIAL SEAL
BRENDA J COUGHENNOWER
NOTARY PUBLIC-OREGON
COMMISSION NO. 357699
MY COMMISSION EXPIRES JULY 08, 2006

18–RELEASE AND SETTLEMENT AGREEMENT