IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODGER R. ANSTETT, et al.,

    Plaintiffs,

v.

STATE OF OREGON, et al.,

    Defendants.

Civil No. 01-1619-BR

OPINION AND ORDER
OF THE SPECIAL MASTER

    MICHELLE R. BURROWS
    618 NW Glisan, Suite 203
    Portland, OR  97209

        Attorneys for Plaintiffs

    HARDY MYERS
    Attorney General
    RODNEY NORTON
    Special Assistant Attorney General
    LEONARD W. WILLIAMSON
    Senior Assistant Attorney General
    LYNNE D. RENNICK
    Special Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Defendants

ASHMANSKAS, Magistrate Judge.

On April 4, 2004, a Settlement and Release Agreement (Doc. #142) ("Settlement") was entered in this action.  Pursuant to the Settlement, a three-member Medical Review Panel ("MRP") was formed by the Special Master, the Honorable Donald C. Ashmanskas.  The MRP was charged with evaluating the Oregon Department of Corrections ("ODOC") 2003 Hepatitis C Treatment Guidelines ("2003 Guidelines") to "determine whether the [2003] Guidelines reflect a reasonable community standard of care appropriate for the treatment of Hepatitis C."  In the process of performing this evaluation, the MRP elected to update and re-draft the 2003 Guidelines, which culminated in the filing with this court of a document entitled "Medical Guidelines For Hepatitis C Evaluation and Treatment - 2004," (referred to hereafter as "2004 Guidelines").

Two issues have arisen in connection with the Settlement Agreement and the proposed 2004 Guidelines.  First, Plaintiffs object to inclusion in the 2004 Guidelines of the following language:

> Uncorrected risk factors as contraindications:  Drug or Alcohol use/abuse (self report, positive drug screen, possession, rule violation) or a new tattoo (DOC specific) within the prior 6 months is a contraindication to medication treatment for Hepatitis C.  If there is any medical or criminal history of substance abuse within 2 years, the inmate must be presently active in drug/alcohol recovery (<u>including AA</u>

>     or NA) for at least 1 month.  Drug or alcohol relapse is
>     an absolute indication for termination of treatment.

(Emphasis added.)  Second, Plaintiffs object to Defendants' request for a report from the MRP indicating whether the 2003 Guidelines failed to meet community medical standards.

Upon review of notes from the numerous conferences leading up to and following the Settlement Agreement, as well as review of the parties' briefs on these issues and the language of the Settlement Agreement, I find Plaintiffs' objections are without merit.

**I. AA/NA Language in 2004 Guidelines**

In formulating the 2004 Guidelines, the MRP emphasized the importance of abstinence from all illicit drug and alcohol use as a prerequisite for Hepatitis C medication treatment.  Plaintiffs do not dispute the importance of this factor.  Instead, Plaintiffs contend that including language in the 2004 Guidelines referring to participation in Alcoholics Anonymous and/or Narcotics Anonymous as a possible means to demonstrate inmate commitment to successful treatment violates constitutional rights.

If participation in AA and/or NA was required as the only means to demonstrate commitment to risk behavior reduction or elimination, the court would agree with Plaintiff.  However, it is not.  The current wording of the 2004 Guidelines presents AA and/or NA attendance as one alternative.  If an inmate expresses

aversion to self-help in the form of AA and/or NA meeting attendance, the 2004 Guidelines do not foreclose other means to demonstrate an understanding and willingness to eliminate risk behaviors and remain clean and sober. Accordingly, Plaintiffs' objection on this basis is without merit.

## II. Report on 2003 Guidelines

Plaintiffs also object to Defendants' position that the Settlement Agreement charged the MRP with preparing some form of report indicating whether the 2003 Guidelines failed to meet community standards. Plaintiffs argue that the fact the MRP felt the need to revise the 2003 Guidelines and issue new, 2004 Guidelines, satisfies the Settlement Agreement.

Again, upon review of extensive notes from meetings with counsel and members of the MRP, the briefs submitted by the parties on this issue, and the language of the Settlement Agreement, I disagree with Plaintiffs.

One of the primary allegations of Plaintiffs' complaint against ODOC is that the 2003 Guidelines failed to meet community medical standards. In meetings with counsel and the MRP, it became clear to the court and the parties that whether the 2003 Guidelines did or did not meet community medical standards was a medical rather than a legal decision, and thus would be best left to the MRP to determine. The language of the Settlement Agreement reflects this determination, as it provides, in pertinent part:

4 - OPINION AND ORDER OF THE SPECIAL MASTER -

**2. Medical Review Panel and Review of Guidelines**

* * *

  b) The MRP shall review the Guidelines for the care of HCV within ODOC. . . .

  c) The review process shall include the following criteria and limitations:

    I. The MRP shall assess the [2003] Guidelines [sic] compliance with the community standard fo care for treatment of HCV ....

    ii. The MRP shall determine whether the [2003] Guidelines reflect a reasonable community standard of care appropriate for the treatment of Hepatitis C. This analysis shall be based upon the standard of care for HCV, medically sound principles and evidence based outcome studies, where appropriate.

* * *

    vii. Upon completion of its review the MRP shall issue a written draft report to the parties ....

This language contemplates a report from the MRP as to whether the 2003 Guidelines, as a medical opinion, did or did not meet community medical standards at that time. Accordingly, Plaintiffs' objection to such a report is without merit.

## CONCLUSION

For these reasons, I conclude that inclusion of language in the 2004 Guidelines referring to participation in Alcoholics Anonymous and/or Narcotics Anonymous does not violate the constitutional rights of inmates, and that the Settlement Agreement between the parties contemplated a final report from the

MRP stating a medical opinion on whether the 2003 Guidelines met community medical standards.

Objections to this Opinion and Order, if any, may be filed within 20 days of the date hereof. Response to the objections, if any, shall be filed 10 days thereafter. If objections are filed, they will be referred to the Honorable Anna J. Brown upon the filing of a response to the objections, or 10 days after the objections are filed, whichever shall first occur.

IT IS SO ORDERED.

DATED this  20th  day of January, 2006.

                                          /s/ Donald C. Ashmanskas
                                            Donald C. Ashmanskas
                                            United States Magistrate Judge